RYAN M. SALZMAN (SBN 299923)
Ryan.Salzman@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067-1517
Telephone:   310-203-4000
Facsimile:   310-229-1285

Attorneys for Defendant
TRANSAMERICA PREMIER LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN CATHOLIC BISHOP OF SACRAMENTO, a California Nonprofit Organization,<br><br>                         Plaintiff,<br><br>    v.<br><br>TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, a Stock Company; and DOES 1-50, inclusive,<br><br>                         Defendants. | Case No.  2:21-at-506<br><br>**NOTICE OF REMOVAL** |

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL

Case No. 2:21-at-506

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF ROMAN CATHOLIC BISHOP OF SACRAMENTO AND ITS ATTORNEY(S) OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant TRANSAMERICA PREMIER LIFE INSURANCE COMPANY ("TPLIC" or "Defendant"), by and through its undersigned counsel, hereby removes this action from the Superior Court of the State of California for the County of Sacramento to the United States District Court for the Eastern District of California. This removal is based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441.

In support of the removal of this action, TPLIC alleges as follows:

## PLEADINGS/SERVICE

1. On or about April 8, 2021, Plaintiff ROMAN CATHOLIC BISHOP OF SACRAMENTO, a California Nonprofit Organization ("RCBS" or "Plaintiff") filed a Complaint in the Superior Court entitled *"ROMAN CATHOLIC BISHOP OF SACRAMENTO, a California Nonprofit Organization v. TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, a Stock Company; and DOES 1-50, inclusive,*" designated as Sacramento Superior Court Case No. 34 2021 00298490 (the "Complaint"). A true and correct copy of the Summons and Complaint are attached as **Exhibit 1**.

2. On May 11, 2021, RCBS, through its counsel, caused a copy of the Summons and Complaint to be served on TPLIC through its agent for service of process in California. Accordingly, this Notice of Removal is being filed within 30 days after receipt by TPLIC (the only named defendant) and is timely filed pursuant to 28 U.S.C. § 1446(b). No other initial pleadings have been received by TPLIC in this action.

3. Notice of this removal is being given to both the adverse party (Plaintiff Roman Catholic Bishop of Sacramento) and the Sacramento County Superior Court pursuant to 28 U.S.C. § 1446(d).

4. **Exhibit 1** constitutes all process, pleadings, and orders served on or by TPLIC in this action.

///

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL             - 2 -

Case No. 2:21-at-506

**VENUE**

5. Venue of this action exists in this District pursuant to 28 U.S.C. § 1441(a) because the Sacramento County Superior Court is located this Judicial District.

**DIVERSITY OF CITIZENSHIP JURISDICTION EXISTS**

6. As further detailed below, this action is one over which this Court has jurisdiction and may be removed pursuant to 28 U.S.C. §§ 1441(a) and (b), on the basis of diversity of citizenship jurisdiction, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

7. **There is Complete Diversity of Citizenship.**

    A. TPLIC is informed and believes, and on that basis alleges, that RCBS is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a), because it is a California domestic nonprofit entity, registered with the California Secretary of State. *See* Complaint, ¶ 4 ("Plaintiff ROMAN CATHOLIC BISHOP OF SACRAMENTO, a California Nonprofit Organization ("Plaintiff"), is and was, an entity organized and operating in the State of California...").

    B. TPLIC is now, and was at the time this action was commenced, a citizen of a state other than the State of California within the meaning of 28 U.S.C. § 1332(a), as follows:

        (i) "[A] corporation shall be deemed to be a citizen of any [s]tate by which it has been incorporated and of the [s]tate where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

        (ii) TPLIC is a foreign (non-California) corporation incorporated under the laws of the State of Iowa, with its principal offices in Iowa located at 4333 Edgewood Rd, N.E., Cedar Rapids, IA 52499, and thus is not a citizen of the State of California under 28 U.S.C. § 1332(c)(1).

    C. The presence of Doe defendants has no bearing on diversity with respect to removal. 28 U.S.C. § 1441(b)(1).

    D. Accordingly, because RCBS and TPLIC are citizens of different states,

1  there is complete diversity of citizenship and the action is removable.

2         8. **The Amount in Controversy Exceeds $75,000.**

3         A.    In the Complaint, RCBS alleges that TPLIC failed to pay benefits due under an excess loss insurance policy ("Policy") to which RCBS was the beneficiary. Specifically, RCBS alleges that it suffered damages in the approximate amount of $220,469.38 in benefits due under the Policy. On this basis, RCBS alleges claims for Breach of Contract, Breach of the Implied Covenant of the Implied Duty of Good Faith and Fair Dealing, Fraudulent Concealment, Declaratory Relief, and Unfair Business Practices. *See, generally,* Complaint.

       B.    As a result of TPLIC's alleged actions, RCBS claims it has suffered the loss of Policy benefits, general damages, and special damages which exceed the jurisdictional minimum of the Court. RCBS also makes a claim for punitive damages and attorneys' fees.

       C.    In determining whether a complaint meets the $75,000 threshold of 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory and punitive damages, as well as attorneys' fees. *See*, *e.g.*, *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.") (footnote omitted); *Goldberg v. CPC Int'l, Inc.*, 678 F. 2d 1365, 1367 (9th Cir. 1982) *cert. denied*, 459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine jurisdictional amount). Moreover, in assessing whether the amount in controversy exceeds $75,000, the Court must presume that the plaintiff will prevail on each and every one of his claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability")).

       D.    As set forth above, the amount at issue in the case exceeds this Court's $75,000 jurisdictional minimum, and this action may be removed.

///

///

///

## **CONCLUSION**

9. Based on the foregoing, because there is complete diversity of citizenship between the parties and because the amount in controversy, exclusive of interest and costs, exceeds $75,000, this action may be removed to this Court.

Dated: June 3, 2021                    FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Ryan M. Salzman*
Ryan M. Salzman

Attorneys for Defendant
TRANSAMERICA PREMIER LIFE INSURANCE COMPANY